UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF AN ARBITRATION BETWEEN<br><br>AGRERA INVESTMENTS LTD.<br><br>           Petitioner,<br><br>   v.<br><br>VLADIMIR PALANT ET AL.,<br><br>           Respondents. | 13 Civ. 8721 (KPF) (JCF) |

**MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S MOTION FOR SUMMARY JUDGMENT ENTERING JUDGMENT ON AN ARBITRATION AWARD AND ENFORCING THE AWARD**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Petitioner Agrera Investments Limited ("Agrera"), by its attorneys, Cleary Gottlieb Steen & Hamilton LLP, hereby respectfully submits this Memorandum of Law in support of its Motion for Summary Judgment Entering Judgment on an Arbitration Award and Enforcing the Award (the "Motion") against Respondents Vladimir Palant ("Palant"), Boris Pokrass ("Pokrass"), the Severinovskiy Family Trust ("Severinovskiy Trust"), and Alex Zdanov ("Zdanov") (collectively, "Respondents").[1] Agrera moves this Court for an order confirming the final arbitration award (the "Final Award") entered on December 15, 2011 by the International Arbitration Tribunal in <u>Agrera Investments Limited v. Vladimir Palant, Boris Pokrass, Severinovskiy Family Trust and Alex Zdanov</u>, Case No. 50 512 T 00292 11, an arbitration seated in New York, New York and conducted pursuant to

---

[1] Petitioner's pre-motion letter dated January 10, 2014 referenced only Palant, the Severinovskiy Trust, and Zdanov, because at that time Pokrass's deadline for responding to the Petition had not passed. <u>See</u> Doc. #8 at 1 n.1. Because the January 29, 2014 deadline for Pokrass has now passed and he has not submitted any response in this proceeding, all four Respondents are included in this Motion.

the Arbitration Rules of the International Centre for Dispute Resolution (the "ICDR") of the American Arbitration Association, and directing judgment be entered on the Final Award and that the judgment be ordered enforced.

In the Final Award, the Tribunal awarded Agrera $19,739,220.87, plus twelve percent (12%) interest compounded annually from April 28, 2011 through the date of payment by Respondents to Petitioner, as well as legal fees and costs of the arbitration. A certified copy of the Final Award sought to be enforced is attached as Exhibit A to the Declaration of Jonathan I. Blackman dated March 3, 2014 (the "Blackman Declaration"). A copy of the arbitration agreement is attached as Exhibit B to the Blackman Declaration.

The Court has jurisdiction over this matter and venue is proper.

Petitioner's Motion is made and based on the attached Notice of Motion, the Petition to Confirm Arbitral Award and to Enter Judgment in Favor of Petitioner filed December 9, 2013, and the March 3, 2014 Blackman Declaration with exhibits, including the Final Award.

## STATEMENT OF FACTS

The facts of this action are set forth in Agrera's Local Civil Rule 56.1 Statement of Material Facts Not in Issue on Motion for Summary Judgment, and are not set forth in full herein.

## ARGUMENT

## POINT I

## THE STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In the case of a motion for summary judgment seeking confirmation of an arbitral award that is "accompanied by a record, such as an agreement to arbitrate and the arbitration award

decision itself," summary judgment should be "based on the record." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006).

The entry of summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The Court is required to view the evidence in the light most favorable to the non-moving party, Adickes v. S.H Kress & Co., 398 U.S. 144, 157 (1970), but the "non-moving party may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful." D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998).

## POINT II

## **PETITIONER IS ENTITLED TO JUDGMENT AS A MATTER OF LAW**

There is a "relatively light burden on the party seeking confirmation" of an arbitral award. New York City Dist. Council of Carpenters v. Gotham Installations, Inc., No. 13-cv-5659, 2013 WL 5943986, at *2 (S.D.N.Y. Oct. 25, 2013). Indeed, "in the context of a petition to confirm an arbitration award, the burden is not an onerous one: confirmation of an arbitral award is generally 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected.'" Id. (citing D.H. Blair, 426 F.3d at 110 (internal citations omitted)).

This Court should confirm the Final Award, enter judgment on the Final Award, and order that the judgment be enforced. Agrera is entitled to judgment as a matter of law because (A) there are no material facts in dispute, (B) a colorable basis exists to support the Final Award, and (C) there are no grounds for setting aside the Final Award.

3

A.     **There Are No Material Facts In Dispute**

Respondents have not disputed any of the material facts upon which this Motion is based, including: (1) that the parties entered into the Membership Agreement, Petitioner's Local Civil Rule 56.1 Statement of Material Facts Not in Issue on Motion for Summary Judgment ("Rule 56.1 Statement") ¶ 7; (2) that the Membership Agreement contained a valid and binding arbitration agreement, Rule 56.1 Statement ¶ 8; (3) that Agrera commenced an arbitration pursuant to the arbitration agreement, Rule 56.1 Statement ¶ 22; (4) that Agrera and Respondents submitted pleadings and witness statements and conducted document discovery as part of the arbitration proceeding, Rule 56.1 Statement ¶ 24; (5) that the Tribunal conducted a hearing on the merits at which witnesses for both sides testified, and Agrera and Respondents were heard in full, Rule 56.1 Statement ¶¶ 24-25; and (6) that the Tribunal issued the Final Award in which it awarded Agrera a total of $19,188,767, plus interest at a rate of twelve percent (12%), compounded annually, from April 28, 2011 to the date that payment is made, Rule 56.1 Statement ¶ 28. Specifically, the Tribunal ordered Respondents to pay severally to Agrera the following amounts:

      a. Vladimir Palant:  $3,837,752.47

      b. Boris Pokrass:  $825,117.45

      c. The Severinovskiy Family Trust:  $5,564,742.71

      d. Alex Zdanov:  $8,961,154.37.

Rule 56.1 Statement ¶ 28. The Tribunal also awarded Agrera its reasonable legal fees and expenses in the amount of $300,000, ICDR administrative fees in the amount of $24,219, and the arbitrators' fees in the amount of $226,234.87, for a total of $550,453.87 in fees, and ordered that

each Respondent is severally liable for his or its portion of this amount in proportion to the amounts owing as listed in this Paragraph.  Rule 56.1 Statement ¶ 30.

Respondents have not disputed any of these facts.

### B. A Colorable Basis Exists To Support The Final Award

"[A]n arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is 'a barely colorable justification for the outcome reached.'" Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union, 954 F. 2d 794,797 (2d Cir. 1992) (quoting Andros Compania Maritima, S.A. v. Marc Rich & Co., 579 F.2d 691, 704 (2d Cir. 1978)).  The Second Circuit "has repeatedly recognized the strong deference appropriately due arbitral awards and the arbitral process, and has limited its review of arbitration awards in obeisance to that process." Scandinavian Reinsurance Co. Ltd. v. Saint Paul Fire and Marine Ins. Co., 668 F.3d 60, 72 (2d Cir. 2012) (quoting Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC, 497 F.3d 133, 138 (2d Cir. 2007)).

Here, there is far more than a colorable basis for the outcome reached in the Final Award.  The Tribunal reviewed submissions from both sides, allowed document discovery, conducted an in-person hearing at which it heard from witnesses for both sides, allowed post-hearing briefing, and finally issued a Final Award that is reasoned.  Rule 56.1 Statement ¶¶ 24-26; see also Blackman Declaration, Exhibit A, Final Award.  This record is more than sufficient to warrant confirmation of the Final Award, given that "the arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." See D.H. Blair, 426 F.3d at 110 (internal quotations omitted).

C.	**There Are No Grounds For Setting Aside The Final Award**

It is undisputed that the parties were subject to a valid and binding arbitration agreement, that both sides participated fully in the arbitration, and that a reasoned Final Award was issued. See Rule 56.1 Statement ¶¶ 8, 24-26. When such a Final Award has been issued and a party to the arbitration moves for its confirmation, "the court must grant the award unless the award is vacated, modified, or corrected." D.H. Blair, 426 F.3d at 110 (internal quotations and citations omitted). Respondents have made no effort to vacate, modify, or correct the Final Award, and in fact have never challenged the Petition to Confirm Arbitral Award and to Enter Judgment in Favor of Petitioner filed December 9, 2013. Accordingly, this Court should confirm the Final Award and order that judgment be entered on the Final Award and that the judgment be enforced.

## CONCLUSION

For the foregoing reasons, the Petition to Confirm Arbitral Award and to Enter Judgment in Favor of Petitioner filed December 9, 2013 should be granted.

Dated: New York, New York
       March 3, 2014

                                        Respectfully submitted,

                                        CLEARY, GOTTLIEB, STEEN & HAMILTON LLP

                                        By: /s/ Jonathan I. Blackman
                                            Jonathan I. Blackman (JB 3846)
                                            A Member of the Firm

                                        One Liberty Plaza
                                        New York, New York
                                        Tel: (212) 225-2000
                                        Fax: (212) 225-3999
                                        jblackman@cgsh.com

Attorneys for Petitioner Agrera Investments Ltd.

Of Counsel:

Joaquin P. Terceño (JT 7663)